# EXHIBIT A

# SUMMONS - CIVIL

JD-CV-1   Rev. 6-11
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

## STATE OF CONNECTICUT
## SUPERIOR COURT
www.jud.ct.gov

See page 2 for instructions

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☒ "X" if claiming other relief in addition to or in lieu of money or damages.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 235 Church Street, New Haven, CT 06510 | (203) 503-6819 | July 10, 2012 |

☐ Judicial District    ☐ Housing Session    G.A. Number:    At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349): New Haven

Case type code (See list on page 2)  Major: T90   Minor: C90

For the Plaintiff(s) please enter the appearance of:

Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code)
Ruth D. Weissman Attorney at Law LLC   PO Box 370552 West Hartford 06137

Juris number (to be entered by attorney only): 422358

Telephone number (with area code): (860) 777-7128

Signature of Plaintiff (if self-represented):

Number of Plaintiffs: 1   Number of Defendants: 2   ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Maria Palacios  Address: 120 Lenox Street, New Haven, CT 06513 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name: Uretek LLC  Address: 30 Lenox Street, New Haven, CT 06153 | D-50 |
| Additional Defendant | Name: WANDA MENDEZ / M ALAJE  Address: | D-51 |
| Additional Defendant | Name:  Address: | D-52 |
| Additional Defendant | Name:  Address: | D-53 |

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Name of Person Signing at Left: Ruth Daniella Weissman | Date signed: 05/16/2012 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250
Michael Rearson 874 Cooke Street Waterbury CT 06701

| Signed (Official taking recognizance; "X" proper box) | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Date: 05/16/2012 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

## Instructions

1. *Type or print legibly; sign summons.*
2. *Prepare or photocopy a summons for each defendant.*
3. *Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.*
4. *After service has been made by a proper officer, file original papers and officer's return with the clerk of court.*
5. *The party recognized to pay costs must appear personally before the authority taking the recognizance.*
6. *Do not use this form for the following actions:*

   (a) *Family matters (for example divorce, child support, custody, paternity, and visitation matters).*
   (b) *Summary process actions.*
   (c) *Applications for change of name.*
   (d) *Probate appeals.*
   (e) *Administrative appeals.*
   (f) *Proceedings pertaining to arbitration.*
   (g) *Any actions or proceedings in which an attachment, garnishment or replevy is sought.*

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description | Major Description | Codes Major/Minor | Minor Description |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 10 | Construction - State and Local | | T 03 | Defective Premises - Private - Other |
| | C 20 | Insurance Policy | | T 11 | Defective Premises - Public - Snow or Ice |
| | C 30 | Specific Performance | | T 12 | Defective Premises - Public - Other |
| | C 40 | Collections | | T 20 | Products Liability - Other than Vehicular |
| | C 90 | All other | | T 28 | Malpractice - Medical |
| Eminent Domain | E 00 | State Highway Condemnation | | T 29 | Malpractice - Legal |
| | E 10 | Redevelopment Condemnation | | T 30 | Malpractice - All other |
| | E 20 | Other State or Municipal Agencies | | T 40 | Assault and Battery |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 50 | Defamation |
| | E 90 | All other | | T 61 | Animals - Dog |
| | | | | T 69 | Animals - Other |
| Miscellaneous | M 00 | Injunction | | T 70 | False Arrest |
| | M 10 | Receivership | | T 71 | Fire Damage |
| | M 20 | Mandamus | | T 90 | All other |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 40 | Arbitration | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 50 | Declaratory Judgment | | V 05 | Motor Vehicles* - Property Damage only |
| | M 63 | Bar Discipline | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 09 | Motor Vehicle* - All other |
| | M 68 | Bar Discipline - Inactive Status | | V 10 | Boats |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | V 20 | Airplanes |
| | | | | V 30 | Railroads |
| | M 82 | Housing Civil Matters | | V 40 | Snowmobiles |
| | M 83 | Small Claims Transfer to Regular Docket | | V 90 | All other |
| | M 84 | Foreign Protective Order | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 90 | All other | | | |
| Property | P 00 | Foreclosure | | | |
| | P 10 | Partition | | | |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | P 30 | Asset Forfeiture | | W 90 | All other |
| | P 90 | All other | | | |

| | |
|---|---|
| RETURN DATE: JULY 10, 2012 | : SUPERIOR COURT |
| MARIA PALACIOS | : DISTRICT OF |
| | : NEW HAVEN |
| | : AT NEW HAVEN |
| V. | |
| WANDA MENDEZ, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY, AND URETEK, LLC | : MAY 16, 2012 |

## COMPLAINT

### I. INTRODUCTION

This is a claim for violation of civil rights under 42 USC sec. 1981 et seq, as well as wrongful termination, slander and defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, and breach of (implied) contract with its implied covenant of good faith and fair dealing, these causes of action all stemming from the employment of the Plaintiff [hereinafter "MARIA PALACIOS"] at Uretek, LLC [hereinafter "URETEK"], which terminated in May of 2010.

### II. THE PARTIES

1. The plaintiff is MARIA PALACIOS.

2. MARIA PALACIOS was employed by Uretek from on or about September 2009 until terminated in May, 2010.

3. During all times relevant, and up to and including the present day, MARIA PALACIOS resided at 120 Lenox Street, New Haven, Connecticut 06513.

1

4. The defendants are Uretek, LLC, a company incorporated and doing business in the State of Connecticut, with its principal place of business at 30 Lenox Street, New Haven, Connecticut, and its employee Wanda Mendez.

5. Uretek has over 15 employees, as required by definitions of encompassed defendants as defined by 42 U.S.C. 2000e.

## IV. STATEMENT OF FACTS.

6. MARIA PALACIOS was employed primarily as a receptionist, but was also given other duties from time to time.

7. During all times relevant, and up to and including the present, MARIA PALACIOS, suffered from back problems, which predated her employment at URETEK but which were exacerbated by work there, particularly that involved in lifting boxes and picking up garbage.

8. Lifting boxes and picking up garbage were not part of MARIA PALACIOS' job description.

9. MARIA PALACIOS was employed by URETEK as the receptionist since September of 2009, when she was given an employee handbook explaining URETEK policies, as well as aspects of her duties and URETEK's obligations.

10. MARIA PALACIOS is a dark-complexioned woman of Puerto Rican origin and ancestry.

11. MARIA PALACIOS was targeted for harassment and removal by Wanda Mendez, an employee favored on account of her provision of sexual favors to employees at URETEK, including at least one at management level (including, on information and

2

belief, one of the top supervisors, Jim Casey, as well as Hugo Gutierrrez and Jose Umpierre).

12. URETEK failed to take action to prevent and/or created a hostile workplace environment, based on MARIA PALACIOS's status as a member of several protected classes, and retaliated against her for complaining about such.

13. URETEK's HR representative frequently referred to MARIA PALACIOS' Puerto Rican heritage in a disparaging manner as an explanation for various incidents where she would complain about unfair URETEK policies and procedures, regarding Wanda Mendez, or other issues.

14. MARIA PALACIOS was fired despite her exemplary work record in violation of her civil rights, as provided for by the Connecticut General Statutes and the Federal Equal Employment Opportunity Act, where such termination was motivated by MARIA PALACIOS's status as a member of several protected classes, including classes based on her race, color, and ancestry.

15. The individual acts of harassment, slander, and discrimination gave rise to a continuing course of conduct in the creation of a hostile workplace and its resultant eventual actual and/or constructive discharge.

16. HR representative(s) fired and refused to provide progressive discipline to MARIA PALACIOS before firing her

17. This hostile work environment, wrongful termination, and breach of their implied contract with its covenant of good faith and fair dealing, as well as the violations of MARIA PALACIOS's civil and common law rights are evidenced by, *inter alia*:

3

a. firing MARIA PALACIOS when she was suffering from work-induced back problems;.

b. treating MARIA PALACIOS unfairly on the basis of her race, color, ancestry and disability, in the improper work assignments and divisions at URETEK, as demonstrated by the preferential treatment of the light-skinned Wanda Mendez;

c. not permitting MARIA PALACIOS to work overtime, and reprimanding for having done so, even when she had put in overtime only at request of her superior (Stuart Press), whereas another employee (Wanda Mendez), who spent less time engaged in legally-compensated work was permitted to work overtime on weekends, despite not having put in much work, as far as that in her official job description was concerned, during the week;

d. unfairly requiring MARIA PALACIOS to do physically-demanding jobs (such as picking up garbage, answering the phone in the bathroom, and moving boxes), all which were not part of her job description, but designed to humiliate her in various ways;

e. discriminating against MARIA PALACIOS on account of her ancestry and disability regarding preferred shifts and employment status, promotion, and increased pay for employees who were favored by management on account of the provision of sexual favors to management and other employees, instead of according to merit and skill, in violation of the protected status of employees;

f. Wanda Mendez wrongfully accusing MARIA PALACIOS to Human Resources of being absent from work for no legitimate reason, or of goofing off at work,

when MARIA PALACIOS in fact was there and working, or was absent due to illness of herself or family members;

## COUNT ONE: WRONGFUL TERMINATION

1-17. MARIA PALACIOS restates, re-alleges and incorporates by reference paragraphs 1-18 of Count One above, as if fully set forth herein.

18. MARIA PALACIOS therefore claims she was wrongfully terminated instead of being provided progressive discipline as provided for in the Uretek employee manual, and has suffered economic losses as a result thereof.

## COUNT TWO: BREACH OF CONTRACT WITH ITS IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

1-18.. MARIA PALACIOS restates, re-alleges and incorporates by references paragraphs 1-18 of Count One.

19. An employer owes its employees a duty of good faith and fair dealing.

20. URETEK's contract with MARIA PALACIOS provided for fair treatment and progressive discipline.

21. MARIA PALACIOS was an exemplary and diligent employee.

22. WANDA MENDEZ spent significant portions of her day in non-work related activities, yet was permitted to work overtime, while MARIA PALACIOS and others were not permitted overtime, and were reprimanded for having worked overtime, even where such had been requested by management.

23. By firing MARIA PALACIOS and by failing to fire those with less diligent work ethics, URETEK breached the duty and violated the implied covenant of good faith and fair dealing based on both implicit and explicit contractual provisions, as set forth in its manual and as covenanted at common law.

24. As a result, MARIA PALACIOS suffered economic and non-economic losses.

## COUNT THREE: SLANDER AND DEFAMATION AND FALSE LIGHT MISREPRESENTATIONS

1-24. MARIA PALACIOS restates, re-alleges and incorporates by reference paragraphs 1-24, of Count Two above, as if fully set forth herein.

25. Wanda Mendez, individually, and as an agent of Uretek, malevolently and intentionally misrepresented the terms of MARIA PALACIOS's work to various of their superiors, and/or the Human Resources Department [hereinafter "HR,"] stating, *inter alia*, that she had taken too long for her lunch break, that she was talking on the dock instead of working, and otherwise impugned her working and personal behavior.

26. Wanda Mendez slandered and defamed MARIA PALACIOS thereby, and relying thereon, various superiors instructed HR to terminate and/or HR terminated MARIA PALACIOS unfairly and without cause, and before any progressive discipline, thereby causing MARIA PALACIOS economic damage and damage to her reputation.

## COUNT FOUR: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

1-26. MARIA PALACIOS restates, re-alleges and incorporates by reference paragraphs 1-26, of Count Three above, as if fully set forth herein.

27. Such actions were undertaken negligently.

28. As a result of the above, MARIA PALACIOS suffered emotional distress.

## COUNT FIVE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

1-26. MARIA PALACIOS restates, re-alleges and incorporates by reference paragraphs 1-26, of Count FOUR above, as if fully set forth herein.

27. Such actions were "extreme and outrageous" and were undertaken intentionally by URETEK by and through its employees, Wanda M, HR, and several supervisors.

28. As a result of the above, MARIA PALACIOS suffered severe emotional distress.

## COUNT SIX: RACIAL DISCRIMINATION, 42 U.S.C. 1981 ET SEQ

1-28. MARIA PALACIOS restates, re-alleges and incorporates by reference paragraphs 1-26 of Count Four above, as if fully set forth herein.

29-30. In the alternative, MARIA PALACIOS restates, re-alleges and incorporates by reference paragraphs 27-28 of Count Five above, as if fully set forth herein.

31. These behaviors were primarily or in part racially motivated, where URETEK's management favors employees of light complexion, such as Wanda Mendez, in awarding her a privileged status requiring little legally-compensated work be performed.

32. These behaviors were similarly tolerated and not criticized or corrected by URETEK's supervisory and HR personnel, to the degree that MARIA PALACIOS's complaints about unfair working conditions were ignored and covered up by URETEK management, who deliberately misrepresented the topics, tenor and outcome of meetings held on these issues in their responses to the inquiries of the underlying proceedings to the CHRO and EEOC in their Exhibit F, wherein they fail to admit that the employees gathered there to complain about Wanda Mendez's behavior were told that it was not any of their business what Wanda Mendez did or did not do.

33. MARIA PALACIOS has therefore suffered a deprivation of her civil rights as protected by 42 U.S.C. sections 1981 et seq.

## COUNT SEVEN: RETALIATORY DISCHARGE

1-33. MARIA PALACIOS restates, re-alleges and incorporates by reference paragraphs 1-33 of Count Six above, as if they were fully set forth herein.

7

34. MARIA PALACIOS's complaints about unfair and discriminatory working conditions were protected employee activity.

35. MARIA PALACIOS' rights to file a workers compensation or other disability claim were protected activities, that URETEK feared would happen, given URETEK knew that her moving boxes on the job had exacerbated her pre-existing back problems.

36. MARIA PALACIOS was terminated after and on account of her complaints about her back pain and about Wanda Mendez s unfairly favorable treatment.

37. MARIA PALACIOS therefore states a claim for retaliatory discharge.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court:

1. Order Defendant Uretek to pay MARIA PALACIOS back wages;
2. Order Defendants to pay MARIA PALACIOS compensatory damages;
3. Order Defendant to pay MARIA PALACIOS statutory damages, equitable and other relief, as set forth in 42 U.S.C. sec. 2000e-5(g) and 1981a;
4. Award Plaintiff liquidated or double damages for all wages and other compensation owed pursuant to the aforementioned statutory schema;
5. Award Plaintiff her reasonable attorney's fees and costs, per Lodestar or contingency method of calculating punitive damages;
6. Award Plaintiff prejudgment and post-judgment interest;
7. Award Plaintiff such other legal and equitable relief that the Court deems appropriate.

## REQUEST FOR TRIAL BY JURY

The plaintiff, Ms. Maria Palacios, respectfully requests a trial by jury as to all claims to which she is entitled that right.

                              Respectfully submitted,
                              MARIA PALACIOS, COMPLAINANT,

By:   Her attorney
       Ruth Daniella Weissman, Juris No 422358
       P.O. Box 370552
       West Hartford, CT  06137
       Tel: 860-777-7128
       Email: rdw@iamalawyer.net

WHEREFORE, THE PLAINTIFF CLAIMS AND PRAYS FOR:

1. Monetary damages;

2. Such other and further relief as the Court deems just and proper.

Dated at Simsbury, Connecticut, this 16th day of May, 2012.

                              THE PLAINTIFFS

                              BY: _____

                              RUTH DANIELLA WEISSMAN
                              JURIS NO. 422358
                              P.O. BOX 370552
                              WEST HARTFORD, CT 06137
                              Tel: 860-777-7128
                              Email: rdw@iamalawyer.net

PLEASE ENTER AN APPEARANCE FOR THE PLAINTIFF:

RUTH DANIELLA WEISSMAN
P.O. BOX 370552
WEST HARTFORD, CT 06137
JURIS NO. 422358
Tel: 860-777-7128
Email: rdw@iamalawyer.net

| | | |
|---|---|---|
| RETURN DATE:  JULY 10, 2012 | : | SUPERIOR COURT |
| MARIA PALCIOS, | : | DISTRICT OF |
| | : | NEW HAVEN |
| | : | AT NEW HAVEN |
| V. | | |
| WANDA MENDEZ AND URETEK, LLC, | : | MAY 16, 2012 |

### AD DAMNUM

Plaintiff claims damages in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of interest and costs, and additional money damages as are proper, and such other damages as the Court deems just and proper. This matter is within the jurisdiction of this Court.

THE PLAINTIFF, MARIA PALACIOS

BY: _____

HER ATTORNEY

RUTH DANIELLA WEISSMAN
JURIS NO. 422358
P.O. BOX 370552
WEST HARTFORD, CT 06137
TEL: 860-777-7128
EMAIL: RDW@IAMALAWYER.NET